**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> vs. <br><br> DALLAS DALE DUBRAY, <br><br> Defendant. | **Case No. CR-16-79-GF-BMM** <br><br> **ORDER** |

Defendant Dallas Dale Dubray's (Dubray) Motion to Reset Trial (Doc. 21), is now before the Court. The Government does not oppose this motion. Upon motion by the Defendant, (Doc. 17), a change of plea hearing for Dubray was set for January 17, 2017. At the change of plea hearing, Dubray was having second thoughts and decided he would proceed to trial. Because of this, Dubray requests that his trial be reset.

Dubray's attorney needs additional time to reconnect with witnesses and arrange for witnesses's presence at trial. In addition, Dubray's wife had a baby on January 6, 2017 and the parties may need additional time to secure her presence at

trial. Because of these factors, a new trial date in this matter is warranted.

A district court may grant a continuance and exclude the time period of the continuance from the calculation of the speedy trial date when "the ends of justice served by [the continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §3161(h)(7)(A). In determining whether an "ends of justice continuance" is appropriate, a district court must consider, <u>inter alia</u>, whether the failure to grant the continuance will result in a miscarriage of justice; whether the case is so unusual or complex that it is unreasonable to expect adequate preparation within the time limits imposed by the Speedy Trial Act; and whether the case, while not complex or unusual, would nonetheless deny counsel the reasonable time necessary for effective reparation. *Id.* §3161(h)(7)(B). An "ends of justice continuance . . . must be specifically limited in time [and] must be justified on the record with reference to the facts as of the time the delay is ordered." *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997). Any additional time is properly excluded under the Speedy Trial Act "only if the district court makes certain findings enumerated in [§ 3161(h)(7)]." *Bloate v. United States*, 130 S. Ct. 1345, 1351 (2010).

Dubray is charged with strangulation in violation of 18 U.S.C. § 113(a)(8) and assault resulting in substantial bodily injury in violation of 18 U.S.C. §

113(a)(7). The offenses allegedly occurred on or about May 7, 2016, near East Glacier in the State and District of Montana and within the exterior boundaries of the Blackfeet Indian Reservation. Dubray could possibly face 10 years in prison if convicted.

The Court finds that a continuance of the trial is appropriate under 18 U.S.C. §§3161(h)(7)(A), (B)(i) and (B)(ii). The ends of justice served by a continuance outweighs the interests of the Defendant and the public in a speedy trial. The failure to grant a continuance would deny Dubray and his counsel the reasonable time necessary for effective trial preparation, resulting in a potential miscarriage of justice. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Reset Trial (Doc. 21), is **GRANTED. IT IS ALSO ORDERED** that Defendant's Unopposed Motion to Change Plea (17) is **DENIED AS MOOT**.

The final pretrial conference is rescheduled for **Monday, March 6, 2017 at 8:30 a.m.** The parties are to report to the chambers of the undersigned. The jury trial is rescheduled for **Monday, March 6, 2017 at 9:00 a.m.** in the Charles N. Pray Courtroom at the Missouri River Federal Courthouse, Great Falls, Montana. The motions deadline is **February 6, 2017.** The plea agreement/notice of intent to proceed to trial deadline is **February 21, 2017.** The Jury Instructions and Trial

Briefs are due by **February 27, 2017**.

**All time between the date of this Order and March 6, 2017, shall be excluded for purposes of speedy trial**.

DATED this 23rd day of January, 2017.

_/s/ Brian Morris_
Brian Morris
United States District Court Judge